UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
UNITED STATES OF AMERICA,

      -against-

DERRICK LEWIS,

          Defendant.
---------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CR-487 (CBA)

**AMON, United States District Judge:**

## BACKGROUND

On January 6, 2014, Defendant Derrick Lewis pled guilty to a lesser-included offense of the sole count of the indictment, which charged Lewis, among other defendants, with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. (Docket Entry ("D.E.") ## 1, 112, 153.) In his plea agreement, Lewis stipulated that he was responsible for the distribution of 112 grams of cocaine base. (Plea Agreement at 3.) On October 9, 2014, the Court sentenced Lewis to 37 months' imprisonment, a special assessment of $100, and four years of supervised release, which included, among other special conditions, a curfew by electronic monitoring for 6 months following Lewis's release from prison and mandated participation in a drug treatment or detoxification program. (D.E. # 432.) Lewis began supervision on June 23, 2016, and his term is scheduled to expire on June 22, 2020.

On January 15, 2020, Lewis wrote to the Court to request early termination of his supervised release. (D.E. # 689.) The Court directed the U.S. Probation Department ("Probation") and the U.S. Attorneys' Office (the "Government") to provide the Court with their positions on Lewis's application by January 27, 2020. (Id.) On January 22, 2020, Probation submitted a letter recommending early release. (See Probation Letter.) On January 25, 2020, the Government filed

1

a letter recommending that the Court deny early termination of Lewis's supervised release. (D.E. # 690.) The application for early termination of supervised release is now before the Court, and for the reasons stated below, it is DENIED.

## DISCUSSION

Early termination of probation is governed by federal statute. The relevant provision provides that the court may in its discretion, after considering factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The purpose of the statute is to "account for new or unforeseen circumstances" that would warrant a modification of the original sentence imposed by the court. United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).

Courts in the Second Circuit have made clear that "[e]arly termination is not warranted as a matter of course," United States v. Sheckley, 129 F.3d 114, 1997 WL 701370 (TABLE), at *1 (2d Cir. 1997), when, for example, the defendant has merely "compli[ed] with the conditions of his probation," United States v. Leone, 02 CR 528 (TCP), 2013 WL 867527, at *2 (E.D.N.Y. Mar. 4, 2013). See also United States v. Bailin, 05 CR 48 (SWK), 2008 WL 4279521, at *1 (S.D.N.Y. Sept. 18, 2008) ("Full compliance with the terms of probation, though laudable, does not constitute the type of exceptional behavior entitling a defendant to early termination."); United States v. Medina, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) ("While [the defendant]'s post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule."). Furthermore, a district court reviewing an application for early termination of supervised release

should not disregard the factors that led to the imposition of the original term of supervised release. Rather, the statute "authorizes the court to modify the conditions of supervised release only when general punishment goals would be better served by a modification." Lussier, 104 F.3d at 35.

Here, Lewis argues that he is entitled to early release on the grounds that he "ha[s] been compliant with all probation requirements." (D.E. # 689.) He notes that he has "also voluntarily [gone] for outpatient treatment . . . to continue to address [his] substance abuse history and depression." (Id.) Probation adds that, although he is unemployed, Lewis has "maintained a stable residence with his girlfriend in Staten Island," "has never tested positive for any illicit substances while on supervised release," is "extremely active in his groups," and has paid his special assessment. (Probation Letter at 2.) Although the Court is pleased to hear of Lewis's progress, he has established only that he has complied with the specific terms of his probation and has continued to stay out of trouble following his release from prison. These do not constitute "new and unforeseen circumstances" that warrant early termination of his supervised release. Lussier, 104 F.3d at 36. Given the serious nature of Lewis's crimes, the Court does not find that "general punishment goals would be better served by" releasing Lewis from the few months that remain on his term of supervised release. See id. at 35. As such, Lewis's application is denied.

## CONCLUSION

For the reasons stated above, Lewis's application for early termination of his supervised release is DENIED.

SO ORDERED.

Dated: March 17, 2020
Brooklyn, New York

s/Carol Bagley Amon
_____
Carol Bagley Amon
United States District Judge

3